**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

WILLIE JAMES WATKINS II, individually
and as next friend of ARIANNA WATKINS
and LAYLA WATKINS,

     *Plaintiff*,

v.                                                                Case No. 5:25-cv-001653-JKP-HJB

UNITED STATES OF AMERICA,

     *Defendant*.

**DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT**

Defendant United States of America, by and through the United States Attorney for the Western District of Texas and the undersigned Assistant United States Attorney, files this Answer and Affirmative Defenses to the Complaint filed in the above styled and numbered action, and states as follows:

1.    Defendant lacks knowledge and information sufficient to form a belief about the allegations in Paragraph 1.

2.    Defendant makes no response to the legal conclusions and allegations regarding service contained in Paragraph 2 as no response is required.

3.    Paragraph 3 contains Plaintiffs' characterization of his claims, to which no response is required.

4.    Defendant makes no response to the legal conclusions and allegations regarding jurisdiction contained in Paragraph 4 as no response is required.

5.    Defendant denies the allegations in Paragraph 5.

6.      Defendant makes no response to the legal conclusions and allegations regarding venue contained in Paragraph 6 as no response is required.

7.      Defendant admits the allegations in Paragraph 7.

8.      Defendant denies the allegations in Paragraph 8.

9.      Defendant denies the allegations in Paragraph 9.

10.     Defendant makes no response to the legal conclusions and allegations regarding duty contained in Paragraph 10 as no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 10.

11.     Defendant denies the allegations in Paragraph 11, including its subparts.

12.     Defendant denies the allegations in Paragraph 12.

13.     Defendant incorporates its responses made above.

14.     Defendant admits the allegations in Paragraph 14.

15.     Defendant admits the allegations in Paragraph 15.

16.     Defendant denies the allegations in Paragraph 16.

17.     Defendant denies the allegations in Paragraph 17.

18.     Defendant denies the allegations in Paragraph 18, including its subparts.

19.     Defendant denies that Plaintiffs are entitled to recover any judgment from Defendant, and denies the allegations in Paragraph 19, including its subparts.

## AFFIRMATIVE DEFENSES

1.      Plaintiffs' recovery, if any, is barred or limited by the provisions of the Texas law on comparative negligence.

2.      Plaintiffs' injuries, damages, and losses, if any, were solely and proximately caused by the negligence, carelessness, or recklessness of Plaintiffs.

3.      Negligent acts or omissions by federal employees acting with the course and scope of their duties did not cause the injuries and damages alleged by Plaintiffs, and therefore they cannot recover from the United States for those injuries or damages.

4.      Defendant, through its agents, servants, and employees, acted with due care and diligence at all times and violated no legal duty to Plaintiffs.

5.      Defendant, United States of America's liability, if any, should be reduced in proportion with its percentage of responsibility, if any.

6.      Plaintiffs have failed to mitigate their damages, and thus their recovery, if any, should be reduced accordingly.

7.      Defendant, United States of America, is not liable for Plaintiffs' alleged injuries to the extent that another actor or actors had the last clear chance of avoiding the alleged injuries.

8.      Plaintiffs are limited in their recovery, if any, by the limitations imposed by applicable state or Fifth Circuit law limiting the amount of recovery available, to the extent that it is not inconsistent with the Federal Tort Claims Act.

9.      Plaintiffs' injuries were proximately caused or aggravated, in whole or in part, by Plaintiffs' own negligent acts or omissions. Accordingly, Plaintiffs are not entitled to any recovery, or alternatively, Plaintiffs' alleged damages must be reduced proportionately.

10.     Plaintiffs are not entitled to a jury trial determination of the liability of the United States. Federal Tort Claims Act liability is determined exclusively by the Court as the trier of fact of both liability and damages. *See* 28 U.S.C. § 2402.

11.     Pursuant to 28 U.S.C. § 2675(b), Plaintiffs are prohibited from claiming or recovering an amount, if any, against Defendant United States more than that set forth in the claim presented to U.S. Immigration and Customs Enforcement.

12.     Pursuant to 28 U.S.C. § 2674, Plaintiffs are proscribed from recovering any amount of prejudgment interest against the United States of America.

13.     Plaintiffs are not entitled to an award of costs except as provided for by 28 U.S.C. § 2412.

14.     Plaintiffs are not permitted to recover a separate award for attorney's fees from the United States, and Plaintiffs' attorney compensation is limited to 25 percent of the overall judgment, if any, against the United States. *See* 28 U.S.C. §§ 2412(d)(1)(A), 2678.

15.     If Plaintiffs are awarded any damages pertaining to past medical expenses, they may only recover the amount of medical expenses actually paid or incurred. Tex. Civ. Prac. & Rem. Code § 41.0105.

16.     The United States claims all offsets and/or credits to which it may be entitled because of its provision of services or payments of benefits or expenses to Plaintiffs through Medicare, Medicaid, Social Security Administration, or any other Agency or program of the United States of America.

17.     Plaintiffs' relief, if any, is barred or limited by federal statute and state law theories of comparative responsibility, contribution, and/or settlement credits. *See, e.g.*, 28 U.S.C. §§ 2674, 2678; 31 U.S.C. § 1304; Tex. Civ. Prac. & Rem. Code §§ 32.001 *et seq.* and 33.001 *et seq.*

Defendant's Answer and Affirmative Defenses                                          4

18.    Plaintiffs' relief, if any, is barred or limited by the Federal Employees Compensation Act, 5 U.S.C. § 8101 *et seq*.

19.    Defendant United States hereby specifically reserves the right to assert all other defenses, not currently known, which it may have or through discovery learn may be applicable.

WHEREFORE, having fully answered all counts of the Complaint, Defendant United States moves this Court to award judgment in Defendant's favor, for its costs incurred herein, and for such further relief as is just and proper.

Dated: March 19, 2026                    Respectfully submitted,

**Justin R. Simmons**
United States Attorney

By:  /s/ *Robert D. Green*
**Robert D. Green**
Assistant United States Attorney
Texas Bar No. 24087626
601 N.W. Loop 410, Suite 600
San Antonio, Texas  78216
(210) 384-7362 (phone)
(210) 384-7312 (fax)
robert.green3@usdoj.gov

***Attorneys for Defendant***